**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Esterlin Appolon,<br><br>             Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>             Respondents. | No. CV-18-00357-TUC-CKJ<br><br>**ORDER** |

      On April 28, 2021, Magistrate Judge Bruce Macdonald issued a Report and Recommendation ("R&R") recommending that the Court dismiss Esterlin Appolon's Third Amended § 2254 Petition. (Doc. 36) On June 11, 2021, Appolon filed his timely Objection to R&R. (Doc. 43)  On June 17, 2021, the State filed its Response to Petitioner Appolon's Objections to the Magistrate Judge's Report and Recommendation (Doc. 44); and on June 25, 2021, Appolon filed his Response to State's Motion (Doc. 46), which the Court interprets as an improper reply in support of Objection to R&R.[1]  For the following reasons, the Court adopts the R&R, dismisses Appolon's Third Amended Petition, and instructs the Clerk of Court to close this case.

---

[1] "No replies shall be filed unless leave is granted from the District Judge." (Doc. 36 at 29).

**BACKGROUND**[2]

Conviction

On April 27, 2015, Nick Brown was shot in the face. (Doc. 35-1 at 134) The shooting occurred on the front porch of Brown's residence. *Id*. Despite his wounds, Brown was conscious and able to communicate with responding officers who arrived at the scene shortly after the shooting. *Id*  Brown identified Appolon as the shooter. *Id*. at 134-35. Another witness also informed officers that she saw Appolon speaking with Brown outside his residence shortly before the shooting. *Id*. at 135. An arrest team was formed, and Appolon was arrested outside his residence on the north side of Tucson. *Id*. Appolon shot Brown because Brown owed him money. *State v. Appolon*, No. 2 CA-CR 2019-0222-PR, 2020 WL 1079183, at *1 (Ariz. Ct. App. Mar. 6, 2020).

On August 4, 2017, after two mistrials, Appolon was convicted by jury of two counts of aggravated assault in Pima County Superior Court. *Id.* After Appolon's conviction and prior to his sentencing, his attorney filed a motion to withdraw because he believed that Appolon had a colorable claim of ineffective assistance of counsel based on counsel's failure to watch body camera footage taken from a responding officer on the night of the shooting. *Id*. The trial court granted the motion as well as Appolon's request to proceed pro se, and appointed advisory counsel for his sentencing hearing. *Id*. On January 29, 2018, Appolon was sentenced to concurrent prison terms of 11.25 years. *Id*.

Post-Conviction Relief Petition

On May 30, 2019, Appolon filed a Petition for Post-Conviction Relief ("PCR Petition") with the Superior Court. (Doc. 35-1 at 74-82) In his PCR Petition, Appolon raised three grounds for post-conviction relief. *Id*. at 74. He argued that: (i) there was insufficient evidence to support the jury's guilty verdict on the aggravated assault charges; (ii) the trial court lacked jurisdiction to render judgment and impose a sentence; and (iii) the justice court lacked jurisdiction to conduct his initial appearance and hold him over for

---

[2] The Court adopts the thorough procedural history outlined in the Magistrate Judge's R&R. See Doc. 36 at 2-14.

proceedings in Superior Court. *Id*. at 74, 134.

On August 27, 2019, the court denied the PCR Petition, ruling that Appolon's justice court jurisdictional challenge was without merit; jurisdictional challenges only applied to a court's ability to render judgment or to impose a sentence; any Superior Court jurisdictional challenge for a lack of probable cause for arrest could have been brought prior to trial and was waived; Appolon made a knowing, intelligent and voluntary decision to forego assistance of counsel and represent himself at the priors trial and at sentencing; advisory counsel took an active role during post-trial hearings and spoke on Appolon's behalf at sentencing; and Appolon failed to present clear and convincing evidence to support the proposition that no reasonable factfinder would have been able to find him guilty of two counts of aggravated assault beyond a reasonable doubt. *Id*. at 137-40.

<u>Petition for Review</u>

On September 18, 2019, Appolon filed a Petition for Review ("PFR") with the Arizona Court of Appeals. (Doc. 35-1 at 152-164) In his PFR, Appolon raised five arguments for review of the denial of his PCR Petition. *Id*. at 153. He argued that: (i) the trial court abused its discretion by denying his PCR Petition; (ii) the justice court abused its discretion by asserting jurisdiction over his initial appearance; (iii) the trial court abused its discretion by rendering judgment and imposing a sentence; (iv) the prosecution failed to present sufficient evidence to justify a rational trier of fact finding guilt beyond a reasonable doubt for charges of aggravated assault; and (v) the trial court denied him fair and impartial treatment in violation of the fundamental fairness doctrine. *Id*.

On March 6, 2020, the Arizona Court of Appeals granted Appolon's PFR and denied relief. *Appolon*, 2020 WL 1079183, at *3. In its ruling, the Court of Appeals concluded that any challenge to the justice court's jurisdiction was precluded because the issue could have been raised during trial proceedings but had not; Appolon's claim that the trial court lacked jurisdiction appeared to be based on his lack of counsel at sentencing, and that Appolon knowingly, intelligently, and voluntarily waived his right to counsel; and that a general challenge to the sufficiency of evidence presented at trial does not constitute

a viable claim. *Id*.

Third Amended Petition Under 28 U.S.C. § 2254

On May 26, 2020, Appolon filed his third amended Petition Under 28 U.S.C. § 2254 ("2254 Petition"). (Doc. 32) In his 2254 Petition, Appolon raised four grounds for relief, arguing that: (i) the trial court failed to have jurisdiction to render judgment and impose a sentence; (ii) there was insufficient evidence to justify a rational trier of fact finding guilt beyond a reasonable doubt for aggravated assault charges; (iii) the trial court failed to have subject matter jurisdiction over his criminal case; and (iv) the prosecution engaged in misconduct by presenting body-camera evidence during his third trial, which it had not produced during his first two trials. *Id*. at 6-11.

On April 28, 2021, Magistrate Judge Macdonald issued an R&R recommending that the Court dismiss Appolon's 2254 Petition, as all of his claims were procedurally defaulted. (Doc. 36 at 28) The Magistrate Judge concluded that Article 6, Section 14 of the Arizona Constitution invested state superior courts with original jurisdiction over felony and misdemeanor criminal cases; Arizona Rule of Criminal Procedure 32.1 dictates that an insufficiency of the evidence claim requires clear and convincing evidence, which Appolon failed to produce; Arizona Revised Statute § 22-301(A)(2) confers jurisdiction upon the state justice courts to conduct initial criminal appearances; Appolon failed to raise his claim of prosecutorial misconduct to the Arizona courts; rulings on Appolon's PCR Petition and PFR were based upon independent and adequate state law grounds, which precluded habeas review of identical claims by this Court; and Appolon failed to demonstrate cause and prejudice as a result of his procedurally defaulted claims. *Id*. at 23-28.

**LEGAL STANDARD**

Report and Recommendation

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B). Any party "may serve and file written objections" to a report and

recommendation by a magistrate judge. *Id*. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Exhaustion Doctrine

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999). To exhaust state remedies, a prisoner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "[I]n Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief." *Date v. Schriro*, 619 F. Supp. 2d 736, 762 (D. Ariz. 2008) (quotation marks omitted).

A claim is fairly presented if the prisoner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The prisoner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *amended and superseded on other grounds*, 247 F.3d 904 (9th Cir. 2001). "If a [prisoner] fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d

1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, No. CIV 07-178-TUC-CKJ, 2009 WL 775417, at *4 (D. Ariz. Mar. 23, 2009). If no state remedies are currently available, a claim is technically exhausted and procedurally defaulted. *Garcia v. Ryan*, No. CV-12-01310-PHX-SRB, 2013 WL 4714370, at *8 (D. Ariz. Aug. 29, 2013).

<u>Procedural Default Doctrine</u>

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "This rule applies whether the state law ground is substantive or procedural." *Id*. To be independent, the state law ground must not be interwoven with federal law. *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). "A state law ground is so interwoven if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (cleaned up). To be adequate, the state law ground must be strictly or regularly followed and "consistently applied." *Morales v. Calderon*, 85 F.3d 1387, 1390-92 (9th Cir. 1996). "[U]nless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court." *Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir. 1994).

Procedural default may be excused under limited circumstances. *Coleman*, 501 U.S. at 750. "When a state prisoner has defaulted his federal claims in state court pursuant to

an independent and adequate [state law ground], federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Clark v. Chappell*, 936 F.3d 944, 966 (9th Cir. 2019) (quotation marks and citation omitted). Cause requires showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice requires "showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). A fundamental miscarriage of justice requires showing "that a constitutional violation has probably resulted in [a] conviction when [the petitioner] was actually innocent of the offense. *Cook v. Shiro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quotation marks and citation omitted).

## DISCUSSION

Appolon files his Objection to the R&R arguing, inter alia, that the grounds on which the state courts relied to deny his PCR Petition and PFR were unreasonable and contrary to the Supreme Court's interpretation of federal laws. (Doc. 43 at 2) In response, the State argues that the R&R correctly concluded that all of Appolon's claims are procedurally defaulted, and that his arguments fail to undermine the R&R's conclusions. (Doc. 44 at 1) Upon thorough review of the docket, the Court adopts the R&R, finds that all of Appolon's claims are procedurally barred, and dismisses his 2254 Petition in its entirety. The Court addresses Appolon's objections to the R&R in seriatim.[3]

**I.  Ground One: Subject Matter Jurisdiction**

In his 2254 Petition, Appolon asserted that the superior court was without subject-

---

[3] Appolon withdraws his third ground for relief, stating, "I'll ask this court to dismiss ground three, and grant habeas review for ground 1, 2, and 4[.]" (Doc. 43 at 15)

matter jurisdiction over his criminal case to lawfully render judgment and impose sentence. (Doc. 32 at 6)  Appolon argued, in part:

> The indictment for the two counts read "On or about the 27th day of April, 2005 [sic], Esterlin Appolon assaulted [victim], causing serious physical injury, in violation of A.R.S. § 13-1204 (A)(1)"; and, "On or about the 27th day of April, 2015, Esterlin Appolon assaulted [victim] wit [sic] deadly weapon or dangerous instrument to wit: A Firearm, in violation of A.R.S. § 13-1204(A)(2)." There wasn't any pretrial statement made by me of guilt or mea [sic] rea prove [sic] by the State in trial. There was no witness to the crime present at my trial, the victim said he never seen [sic] who shot him. The victim said he didn't want to get the police involved or them knowing who the person was that shot him. There was no proof or evidence that violation of A.R.S. § 13-1204(A)(1) or A.R.S. § 13-1204(A)(1) [sic] had been committed at my trial or before my trial. I have been tried 3 times for a crime I had any knowledge been committed. On the face of the indictment presented at my 3rd trial[,] the Court was without jurisdiction to render judgment or impose sentence. The Superior Court didn't have jurisdiction of the class offense.

*Id*.

Appolon raised the same argument in his PCR Petition.  *See* Doc. 35-1 at 77-80.  He argued:

> In my 3rd trial in the Superior Court the indictment for the two counts read "On or about the 27th day of April, 2015, Esterlin Appolon assaulted Casi Brown, causing serious physical injury, in violation of A.R.S. § 13-1204(A)(1)," and "On or about the 27th day of April 2015, Esterlin Appolon assaulted Casi Brown with deadly weapon or dangerous instrument, to wit: a Firearm, in violation of A.R.S. § 13-1204(A)(2) . . . There wasn't any pretrial statement made by me of guilt or mens rea prove by the State . . . There was no witness to the crime present at my trial; the victim said he never seen who shot him. The victim said he didn't want to get the police involved or them know who the person was that shot him . . . . On the face of the indictment presented at my 3rd trial the Superior Court was without jurisdiction to render judgment or impose sentence.

*Id*. at 78.

In denying Appolon's challenge to the jurisdiction of the trial court, the Pima County Superior Court concluded that:

> The Superior Court has original jurisdiction over all felony cases as provided by Article 6, Section 14 of the Arizona Constitution.

Doc. 35-1 at 137.  The court also concluded that Appolon's jurisdictional challenge was meritless if it was based on his contention that he was deprived of counsel at sentencing. *Id*. at 138.  It held:

> A review of the transcripts from the hearings on September 1 and September 18, 2017, as well as the transcript from the January 30, 2018 sentencing, unequivocally dispels this claim. The Court took great pains to ensure the defendant made a knowing, intelligent and voluntary decision to forego the assistance of counsel and represent himself at the priors trial and sentencing. Additionally, over defendant's objection, the Court appointed advisory counsel who remained available to assist defendant from entry of the verdict up to imposition of sentence. Advisory counsel took an active role during these hearings, including but not limited to assisting defendant during the priors trial and speaking on his behalf at time of sentencing.

*Id*.

Appolon then repeated the same arguments in his PFR, this time couching his challenge in terms of an "abuse of discretion," e.g., "[d]id trial court abuse it's [sic] discretion by rendering judgment and imposing sentence without jurisdiction or sufficient evidence, in light of due process of law of both U.S. Const [sic] and Ariz [sic] Const [sic], and fundamental fairness?"  (Doc. 35-1 at 153)

In affirming the Superior Court's denial of Appolon's jurisdictional challenge, the Arizona Court of Appeals ruled:

> Turning next to Appolon's claim that the superior court lacked jurisdiction, it appears to be based on his lack of counsel at sentencing . . . First, we fail to see how this claim is one of jurisdiction; instead, Appolon's argument seems to be that his sentences were imposed in violation of the state and federal constitutions under Rule 32.1(a). Second, even if jurisdictional, the issue seems to be one of personal jurisdiction.
>
> Even assuming the claim were one of subject-matter jurisdiction under Rule 32.1(b), the record belies Appolon's argument concerning his waiver of counsel. Before granting Appolon's request to proceed pro se, the superior court engaged in a lengthy colloquy with Appolon to confirm that he was

> knowingly, intelligently, and voluntarily waiving the right to counsel. Despite the court's warnings against self-representation, Appolon confirmed multiple times during two different hearings that he wished to "give up [his] right to counsel and represent [himself]." The court therefore did not err in finding this claim not colorable.

*Appolon*, 2020 WL 1079183, at *3 (internal citations omitted).  Notably, the Arizona Court of Appeals also denied Appolon's challenge to superior court jurisdiction on procedural grounds. *See id*. at *2, n.3.  It observed:

> To the extent Appolon's challenge is directed at the sufficiency of the indictment, it is also precluded pursuant to Rule 32.2(a)(3). Challenges to an indictment must be raised before trial.

*Appolon*, 2020 WL 1079183, at *2, n.3 (citations omitted).

The Magistrate Judge concluded that Appolon's challenge to the superior court's jurisdiction was procedurally defaulted because the "Arizona Constitution's grant of jurisdiction to the superior court is an independent and adequate state ground," which precludes this Court from review of the claim.  (Doc. 36 at 23)  The Court supplements this conclusion by finding that Appolon's challenge is also barred due to the Arizona Court of Appeals' invocation of Arizona Rule of Criminal Procedure 32.2, which serves as an adequate and independent state procedural rule barring review. *Cf. Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) ("A state supreme court may . . . alternatively deny relief on the merits of a federal constitutional claim even after dismissing the claim on procedural grounds."); *see also Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) ("Arizona's waiver rules are independent and adequate bases for denying relief.").

The Court also finds that Appolon fails to demonstrate cause for his procedural default or that failure to consider his jurisdictional challenge will result in a fundamental miscarriage of justice. In his R&R, the Magistrate Judge concluded that "[n]either has Petitioner established by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found him guilty of the underlying offense," nor has he "demonstrated a fundamental miscarriage of justice." (Doc. 36 at 24) (cleaned up). The

Court agrees. Appolon's non-sequitur, rambling, and incoherent arguments to the contrary fail to convince the Court otherwise. *See generally*, Doc. 43 at 4-10. Accordingly, the Court adopts the Magistrate Judge's R&R on the issue and denies this claim.

## II. Ground Two: Sufficiency of Evidence

In his 2254 Petition, Appolon asserted that there was insufficient evidence to justify a rational trier of fact finding guilt beyond a reasonable doubt for charges of aggravated assault. (Doc. 32 at 7) Appolon argued, in part:

> No confession of guilt was given by me at trial or at all. Quoting my 3rd trial: The Court: "Mr. Appolon, at this time are you going to invoke your Fifth Amendment rights?" And I stated yes, sir. No gun, DNA, or other incriminating evidence such as bloody clothing was found or presented at trial. Mr. Brown (victim) claimed he owed me money he testified that I never nagged him for it the night he claimed I shot him, he also testified I didn't threaten him and/or he said he didn't feel in danger the night of the shooting. Mr. Brown misidentify me in my trial proceeding, he testify that he know me for yrs, but fail to I.d. me with my tattoo's on my arms and neck. At trial Mr. Brown denied saying "it wasn't Stan" who shot him but then acknowledged that he did so because he didn't want police involved.

*Id.*

Appolon raised a similar argument in his PCR Petition. *See* Doc. 35-1 at 75. He argued, in part:

> [T]he State didn't prove the essential elements of the two counts, nor prove mens rea of the two counts. [No confession of guilt was given by me at trial or at all, and/or pretrial.] "The Court: Mr. Appolon, at this time are you going to invoke your Fifth Amendment rights?" "Mr. Appolon Yes, sir." No gun, DNA, or other incriminating evidence such as bloody clothing was found or presented at trial. Mr. Brown claimed he owed me money he testified that I never nagged him for it and the night he claimed I shot him, Mr. Brown testified I did not threaten him, and he did not feel in any danger and I was friendly on the night he claimed I shot him. Mr. Brown misidentify me in my trial proceedings and pretrial statements as he stated and testify that he know me for yrs, but fail to I.d. with my tattoo's on my arms and neck. At trial Mr. Brown denied saying "it wasn't Stan" who shot him but then acknowledged that he did so because he didn't want the police involved.

*Id*. (internal citations omitted).

In denying Appolon's challenge to the sufficiency of evidence presented at trial, the Superior Court concluded that:

> At trial, the State presented the following evidence: 1. Testimony from the victim that identified defendant as the person who shot him in the face. 2. Testimony from the victim that he knew the defendant for a relatively long period of time and had no trouble identifying him. 3. Testimony from a civilian witness who identified defendant as being at the shooting scene shortly before the shooting occurred. 4. Testimony/evidence showing the location of a cell phone that was linked to the defendant which put him in close proximity to the shooting scene at the time of the shooting.
>
> Upon consideration, the Court concludes that defendant has not carried the burden of presenting clear and convincing evidence to support the proposition that no reasonable factfinder would have been able to find him guilty of two counts of aggravated assault beyond a reasonable doubt. At trial, the jury was required to weigh the evidence, both direct and circumstantial, and make credibility determinations regarding witness testimony. Defendant's critique of the State's evidence notwithstanding, a reasonable jury could have readily concluded Mr. Brown's testimony that defendant shot him in the fact was credible, especially with the corroborating evidence provided by the independent civilian witness and the cell phone tracking evidence. As with the jurisdiction argument, defendant has failed to present a colorable claim to warrant an evidentiary hearing on his sufficiency of evidence claim or obtain relief pursuant to Rule 32.1.

(Doc. 35-1 at 139-40)

Appolon then repeated the same arguments in his PFR, this time couching his challenge in terms of an "abuse of discretion," e.g., "[d]id the State have sufficient evidence to justify a rational trier of facts [sic] to find guilt beyond a reasonable doubt of [aggravated assault charges] under *Jackson v. Virginia* 493 U.S. 300; and *State v. Mathers*, 165 Ariz?" (Doc. 35-1 at 153)

In affirming the Superior Court's denial of Appolon's sufficiency of the evidence challenge, the Arizona Court of Appeals ruled:

>Finally, as to Appolon's claim that the state presented "[in]sufficient evidence to justify a rational trier of facts to find guilt beyond a reasonable doubt," he asserts "[n]o gun, DNA, or other incriminating evidence such as bloody clothing was found or presented at trial." But a general challenge to the sufficiency of the evidence does not, without more, constitute a viable claim under Rule 32.1(h). Appolon points to evidence that does nothing more than contradict other evidence presented at trial, including the victim's identification of him as the shooter, apparently challenging the weight thereof. He thus "does not conclusively demonstrate his innocence." The trial court therefore did not err in finding this claim not colorable.

*Appolon*, 2020 WL 1079183, at *3 (internal citations omitted).

The Magistrate Judge concluded that Appolon's sufficiency of the evidence challenge was procedurally defaulted, as "[b]oth the Rule 32 court and the appellate court relied on the standards set forth in Rule 32.1(h), Arizona Rules of Criminal Procedure, to assess Petitioner's sufficiency of the evidence claim[,]" and that their rulings indicated resolution of Appolon's challenge on "independent and adequate state grounds." (Doc. 36 at 25) The Court agrees with this conclusion.

"The question whether a state court's reference to state law constitutes an adequate and independent state ground for its judgment may be rendered difficult by ambiguity in the state court's opinion." *Harris v. Reed*, 489 U.S. 255, 261 (1989). However, if the state court's opinion contains a "plain statement that its decision rests upon adequate and independent state grounds" the court may not reach the federal question upon habeas review. *Id.*; *see also Long*, 463 U.S. at 1041 ("If the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds, we, of course, will not undertake to review the decision."). Here, thorough decisions based upon Arizona Rule of Criminal Procedure 32.1(h) are adequate and independent state law grounds that serve to bar the Court from reviewing Appolon's sufficiency of the evidence challenge.

The Court also concludes, once again, that Appolon fails to demonstrate cause for the procedural default or that failure to consider his evidentiary challenge will result in a fundamental miscarriage of justice. The Magistrate Judge concluded that "Petitioner has

- 13 -

failed to show cause and actual prejudice or demonstrate a fundamental miscarriage of justice." (Doc. 36 at 26) The Court agrees. Appolon fails to provide any supporting caselaw or argumentation for the Court to rule otherwise. *See* Doc. 43 at 10-15. Accordingly, the Court adopts the Magistrate Judge's R&R on the issue and denies this claim.

### III. Ground Four: Prosecutorial Misconduct

In his 2254 Petition, Appolon asserted that the State engaged in prosecutorial misconduct by presenting a responding officer's body camera footage from the night of the shooting at his third jury trial, which it had not presented at either of his two previous trials. (Doc. 32 at 10) He argued, in part:

> The State at a hear on July 17, 2017 state "[t]here wouldn't be any difference or any additional witnesses called in fact, I'll be cutting my witness list down from the previous trial." The State lied it present a body cam video that wasn't in my 1st or 2nd trial but used this body cam in my 3rd trial. I filed a month for all bodycam, the State reply saying that no body cam was available. The State and its agents withheld evidence from my 1st and 2nd trials. After I learned of the full body cam of officer's video in which was after I was found guilty. The video was highly exculpatory and impeachable[.]

*Id*.

Appolon failed to raise this issue in his PCR Petition. *See generally*, Doc. 35-1 at 74-81. However, he did raise the issue in his PFR with the Arizona Court of Appeals, interweaving his challenge under the question, "[d]id trial court deny me fair and impartial treatment in ordinance [sic] of fundamental fairness?" Doc. 35-1 at 153. Appolon argued, in part:

> Trial court in its "procedural facts" quoting trial: "The Court made no finding as to whether the body camera video contained any pertinent information or that trial counsel's failure to fully review it." Trial court error in its finding the body cam was product of prosecutorial misconduct. The State and its agents withheld evidence knowingly from my 1st, 2nd, and 3rd trials. After I learned of the full body cam of officer's body cam video, in which was after I was found guilty. The video was highly exculpatory[.]

- 14 -

*Id.* at 161 (internal citation omitted).

The Arizona Court of Appeals did not address this argument, *see Appolon*, 2020 WL 1079183, at *1-3, and the Magistrate Judge concluded that Appolon's claim was "technically exhausted and procedurally defaulted." (Doc. 36 at 28) (quotation marks omitted). The Court agrees. Although Appolon uses language found in both his PFR and 2254 Petition, his prosecutorial misconduct claim was not raised with the Superior Court, and he failed to describe the operative facts and federal legal theory upon which the claim was based with the Arizona Court of Appeals. Because Appolon failed to present the issue to the state's highest court in a procedurally appropriate manner and since he no longer has any state remedies available to him, this ground for relief is technically exhausted and procedurally barred. The Court notes that even in the absence of procedural default, his prosecutorial misconduct claim lacks merit. An affidavit from his trial attorney demonstrates that the video was produced to the defense in a timely manner, *see* Doc. 43-11, ¶ 7 at 3, and upon independent review of the body camera footage,[4] the Court concludes that the evidence fails to contain any exculpatory information. Accordingly, the Court adopts the conclusion of the R&R and this claim is denied.

---

[4] The Court reviewed body camera footage upon Petitioner's request. *See* Doc. 48.

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court[,]" or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a state court judgment. The Court must determine, therefore, if a certificate of appealability ("COA") shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In the certificate, the Court must indicate which specific issues satisfy the showing. 28 U.S.C. § 2253(c)(3).

The Magistrate Judge determined, and this Court accepts, that Petitioner's claims are procedurally barred. The Court finds that jurists of reason would not find it debatable whether the Third Amended Petition stated a valid claim of the denial of a constitutional right and that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Petitioner's claims. Any further request(s) for a COA must be addressed to the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 36) is ADOPTED.

2. Petitioner's Third Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody on the case docket (Doc. 32) is DISMISSED WITH PREJUDICE.

3. A Certificate of Appealability shall not issue in this case.

4. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 30th day of September, 2021.

_____
Honorable Cindy K. Jorgenson
United States District Judge